UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:12-cv-2028T33TBM

Margaret Kozora

And

Edward Kozora

Plaintiffs,

v.

Commercial Recovery Systems, Inc.

Defendant.

COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, FLORIDA CONSUMER COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

## PARTIES

1. Plaintiffs are natural persons who resided in Lakeland, FL at all times relevant to this action.

2. Defendant is a Texas corporation that maintained its principal place of business in Dallas, TX at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Section 559.55 et seq. of the Florida Statutes ("FCCPA"), because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.



5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

7. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

8. The principal source of Defendant's revenue is debt collection.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Defendant is a "debt collector" as defined by the FCCPA, Florida Statutes §559.55(6).

11. As described below, Defendant contacted Plaintiff about an obligation that Plaintiffs allegedly owed to Santander Consumer USA, which had been incurred for personal rather than commercial purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged obligation is a "debt" as defined by Florida Statutes §559.55(1)

14. As described below, Defendant attempted to collect the debt from Plaintiffs, and in so doing, has alleged that Plaintiffs owed the debt.

15. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3) and Florida Statutes §559.55(2).

16. On or around March 15, 2012, Defendant's agent or employee, named Rick Williams ("Rick") telephoned Plaintiffs and spoke with Plaintiff Margaret Kozora

("Margaret"). During this communication, Rick threatened to garnish Margaret's wages if Plaintiffs failed to satisfy the debt.

17. On or around March 20, 2012, Rick telephoned Plaintiffs in connection with the collection of the debt and spoke with Margaret. During this communication, Rick again threatened to garnish Margaret's wages. Rick also threatened to place a lien on anything that Plaintiffs owned.

18. On or around March 20, 2012, Rick telephoned Plaintiffs and spoke with Plaintiff Edward Kozora ("Edward"). During this communication, Rick told Edward that Margaret could "keep her chump change" because Margaret "would be dead by the time the debt was paid off" and that Defendant would just "1099" Plaintiffs.

19. Defendant caused Plaintiffs emotional distress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

22. In support hereof, Plaintiffs incorporates paragraph 16-17 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be take or that was not intended to be taken.

24. In support hereof, Plaintiffs incorporates paragraph 16-17 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt.

26. In support hereof, Plaintiffs incorporates paragraph 16-18 as if specifically stated herein.

## .COUNT FOUR

### Violation of the Florida Consumer Collections Practices Act

27. Defendant violated Florida Statutes §559.72(7) by willfully engaging in conduct which can reasonably expected to abuse or harass the Plaintiffs or their family.

28. In support hereof, Plaintiff incorporates paragraphs 16-18 as if specifically stated herein.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to Florida Statutes §559.77(2).

c. Judgment against Defendant for punitive damages pursuant to Florida Statutes §559.77(2).

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, LLP

By: _____
Fauzia A. Makar
Bar # 72123
2901 West Busch Blvd, Suite 701
Tampa, FL 33618
Telephone: 866-339-1156
Email: fmakar@maceybankruptcylaw.com
Attorneys for Plaintiff